UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **David Cathey,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**VSC Operations, LLC,** )<br>)<br>Defendant. )<br>) | Case No.  4:21-cv-264 |

**DEFENDANT VSC OPERATIONS, LLC'S MOTION TO DISMISS**

NOW COMES Defendant VSC Operations, LLC ("Defendant"), by and through its undersigned counsel, and respectfully moves this Court for dismissal of the Complaint (*see* Dkt. 1, "Complaint") filed by David Cathey ("Plaintiff") in this matter, in its entirety and with prejudice, for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

This Court should dismiss the Complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to allege sufficient facts to support a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").  Plaintiff does not plead any facts suggesting Defendant placed these calls using an automatic telephone dialing system ("ATDS") under § 227(b) of the TCPA.  Threadbare allegations such as those in the Complaint do not satisfy federal pleadings standards. Furthermore, Plaintiff's Complaint is devoid of any facts supporting Plaintiff's allegations and merely employs conclusory allegations without supporting facts, which are insufficient to survive dismissal under Fed. R. Civ. P. 12(b)(6).

## I. INTRODUCTION

Plaintiff David Cathey ("Plaintiff" or "Cathey") claims to have received various calls which he attributes to being made by Defendant VSC Operations, LLC ("Defendant") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). Plaintiff now seeks to initiate a putative action in this District. However, Plaintiff's Complaint (*see* Dkt. 1, "Complaint" or "Compl.") fails to provide any factual allegation that Defendant placed these calls using an automatic telephone dialing system ("ATDS") under § 227(b) of the TCPA.

For the following reasons Defendant requests this Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that the Complaint fails to state a claim against Defendant since Plaintiff has failed to plead facts supporting any claim against Defendant under the TCPA.

## II.     RELEVANT ALLEGATIONS

Plaintiff's Complaint against Defendant arises from various calls allegedly placed to Plaintiff's telephone number. Plaintiff alleges in his Complaint that Defendant initiated these calls "on a repetitive and continuous basis for solicitation purposes." Compl., ¶ 11. Plaintiff does not provide any details as to when these calls were placed, the number of calls at issue or why he attributes the calls as coming from Defendant.

Plaintiff claims the calls he received were "placed…using an automatic telephone dialing system." Compl., ¶ 13. ***However, Plaintiff does not allege a single fact to support his assertion that an ATDS was used to place the calls***. Instead, Plaintiff merely mentions an ATDS in conclusory fashion while identifying Defendant as the culprit with no supporting facts.

### III. LAW AND ARGUMENT

### A. PLAINTIFF FAILS TO PLEAD FACTS SUFFICIENT TO STATE A CLAIM UNDER THE TCPA.

Plaintiff's allegations are insufficient to state a claim under the TCPA as his threadbare factual allegations are conclusory and fail to even mention the required elements of a TCPA claim. Even under the wide latitude extended during review of pleadings, the Complaint fails to state a claim.

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Under the plausibility standard set forth in *Twombly*, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Twombly,* 550 U.S. at 556. More than "a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. Fed. R. Civ. P. 8(a)(2) requires that a pleading must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and "give the defendant fair notice of what the … claim is and the ground upon which it rests." *Id.* at 548. A plaintiff is required to provide fair notice to a defendant and to assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. A court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 264, 286 (1986).

Plaintiff seeks relief under Section 227(b) of the TCPA, which provides that no person shall "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any [ATDS] or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1)(iii) & (2). Notably, Plaintiff does not allege use of an "artificial or prerecorded voice." Therefore, to successfully state a TCPA claim and avoid dismissal here, Plaintiff must plausibly allege with supporting facts that "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent."  *Hazan v. Wells Fargo Home Mortg.*, No. 18-10228 (MAS) (TJB), 2020 U.S. Dist. LEXIS 33038, at *4 (D.N.J. Feb. 26, 2020) (quoting *Montinola v. Synchrony Bank*, No. 17-8963, 2018 U.S. Dist. LEXIS 146716 (D.N.J. Aug. 28, 2018)). The allegations contained in the Complaint are simply too deficient to plausibly infer that the calls allegedly received by Plaintiff were generated through the use of an ATDS. As shown below, Plaintiff's Complaint fails to allege any, let alone sufficient, facts supporting any of these necessary elements to successfully state a TCPA claim.

1. **Plaintiff Has Pled No Facts Supporting His Conclusion That the Calls Were Placed Using an ATDS.**

Plaintiff's Complaint fails to state a claim under Section 227(b) of the TCPA because it lacks any required factual allegations supporting Plaintiff's conclusion that the calls at issue were placed using an ATDS as the Complaint only conclusively alleges that "Defendant placed these calls using an automatic telephone dialing system" *See* Compl., ¶ 13.

Section 227 (a)(1) of the TCPA defines an ATDS as:

(1) The term "automatic telephone dialing system" means equipment which has the capacity—

(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B) to dial such numbers.

In order for Plaintiff to have received calls that violated the TCPA, they had to be placed using equipment that meets this definition of an ATDS. Namely, Defendant had to use equipment with the capacity to store or produce numbers using a random or sequential number generator.

Earlier this year, the Supreme Court unanimously affirmed this definition of an ATDS, holding "that a necessary feature of an autodialer under § 227(a)(1)(A) is the capacity to use a random or sequential number generator to either store or produce phone numbers to be called." *Facebook, Inc. v. Duguid*, No. 19-511, 141 S. Ct. 1163, 1173 (2021).

Plaintiff's allegation that "Plaintiff knew the calls were automated as there was a noticeable pause or delay…" is not sufficient as the Supreme Court has made it crystal clear that an autodialer requires a random or sequential number generator. *See* Compl., ¶ 14.

Not only has Plaintiff failed to allege that Defendant utilized a system that meets the actual definition of an ATDS – Plaintiff does not even bother to mention a "random or sequential number generator" in his Complaint, or the use thereof. Instead, Plaintiff alleges that the calls he received were "unwanted, therefore, all calls could have only been made for purposes of harassment" which indicates the calls were directed at Plaintiff and not random. *See* Compl., ¶ 17. Plaintiff does not, and cannot, allege that his number was randomly or sequentially generated by Defendant. The fact pattern which led the Supreme Court to reverse the 9th Circuit earlier this month is similar:

> "Facebook moved to dismiss the suit, arguing primarily that Duguid failed to allege that Facebook used an autodialer because he did not claim Facebook sent text messages to numbers that were randomly or sequentially generated. Rather, Facebook argued, Duguid alleged that Facebook sent targeted, individualized texts to numbers linked to specific accounts. The U.S. District Court for the Northern District of California agreed and dismissed Duguid's amended complaint with prejudice… The United States Court of Appeals for the Ninth Circuit reversed… We now reverse the Ninth Circuit's judgment." *Facebook*, No. 19-511, 141 S. Ct. at 1168-69.

Plaintiff here has also not claimed that Defendant made calls to numbers that were randomly or sequentially generated and thus fails to plead the required elements of a TCPA claim

as just recently reiterated by the Supreme Court.

The Fifth Circuit Court has also agreed that "a device must randomly or sequentially generate—not just store—numbers to be considered an ATDS under the Act." *See Suttles v. Facebook, Inc.*, 461 F. Supp. 3d 479, 486 (W.D. Tex. 2020). ("The court concludes that the ATDS definition employed by the Third, Seventh, and Eleventh Circuits is correct, and applying the definition defeats Suttles's claim that an ATDS was used. The court will, therefore, dismiss Suttles's second claim with prejudice").

The Third Circuit has also addressed the issue of inadequate TCPA claims in multiple cases. "Plaintiff…must allege facts that would allow the Court to plausibly infer that Defendant used an ATDS." *Montinola*, No. 17-8963, 2018 U.S. Dist. LEXIS 146716, at *6; *see also Hubert v. Gen. Nutrition Corp.*, No. 2:15-cv-01391, 2017 U.S. Dist. LEXIS 145506, at *21 (W.D. Pa. Sept. 8, 2017) (stating that a "'threadbare' allegation, without any supporting factual allegations, is insufficient…"); *see also Hazan v. Wells Fargo Home Mortg.*, No. 18-10228 (MAS) (TJB), 2020 U.S. Dist. LEXIS 33038 (D.N.J. Feb. 26, 2020) ("Under the TCPA, an ATDS is 'equipment which has the capacity…to store or produce telephone numbers to be called, using a random or sequential number generator, and…to dial such numbers.' Although it may be difficult to plead the particulars of the alleged ATDS a defendant used, a plaintiff must allege facts that would allow a court to plausibly infer that a defendant used an ATDS").

Also, Plaintiff has failed to plead enough facts to put Defendant on notice of the allegations as Plaintiff has not bothered to allege how many calls were placed or when the calls were placed. Defendant is left to guess as to the number of calls alleged and whether the calls were even placed within the statute of limitations. "While Plaintiff does not need to provide precise details as to each of the telephone calls, she must provide enough information to put Defendant on notice of the allegedly offending messages." *Montinola*, No. 17-8963, 2018 U.S. Dist. LEXIS 146716, at *4-5. Here, Plaintiff's complaint is so devoid of facts that Defendant has not been provided with adequate notice of Plaintiff's actual claims.

Plaintiff has pled <u>no</u> facts, let alone sufficient facts, that would allow this Court to infer

that Defendant used an ATDS, or to support a claim under the TCPA. Plaintiff has made no allegation that Defendant dialed numbers that were randomly or sequentially generated and just like the Supreme Court held in *Facebook*, this Court should dismiss the Complaint for failure to state a claim upon which relief can be granted.

## IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), as the Complaint wholly fails to state a claim under the TCPA.

Respectfully submitted,

DE DIEGO LAW LLC

*/s/ Sarah R. Frankfort*
Sarah R. Frankfort
Lead Attorney
Texas State Bar No. 24052877
1940 Fountain View Dr., #227
Houston, TX 77057
Telephone: (713) 256-0845
E-Mail: SarahF@dediego.law

*Attorney for Defendant, VSC Operations, LLC*

## **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document was filed electronically on June 1, 2021, in compliance with Local Rule CV-5(a). As such, this document was served on all counsel of record who have consented to electronic service, pursuant to Local Rule CV-5(a)(3)(A).

                                                            */s/ Sarah R. Frankfort*