## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **David Cathey,** | |
| Plaintiff, | Case No. 4:21-cv-264 |
| v. | |
| **VSC Operations, LLC,** | Amended Complaint and Demand for Jury Trial |
| Defendant. | |

## AMENDED COMPLAINT

**David Cathey** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **VSC Operations, LLC** (Defendant):

### INTRODUCTION

1.     Plaintiff's Amended Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and § 302.101 of the Texas Business & Commercial Code.

### JURISDICTION AND VENUE

2.     This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.     This Court has personal jurisdiction over Defendant conducts business in the State of Texas and many of the acts and omissions underlying this lawsuit occurred within the State of Texas.

1

4.    Venue is proper under 28 U.S.C. § 1391(b)(1) and 1391(b)(2).

## PARTIES

5.    Plaintiff is a natural person residing in McKinney, Texas 75072.

6.    Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.    Defendant is a corporation with principal place of business, head office, or otherwise valid mailing address at 5900 South Lake Forest, Suite 300, McKinney, Texas 75070.

8.    Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10.    At all times relevant hereto, Plaintiff maintained a cellular telephone, the number for which is (214) XXX--6846

11.    Plaintiff's cell phone number has been on the Do Not Call Registry since December 2, 2014.

12.    Plaintiff registered his number on the Do Not Call list in order to obtain solitude from disruptive and unwanted solicitation calls.

13.    Defendant repeatedly initiated telephone calls to Plaintiff on his cellular telephone number on a repetitive and continuous basis for solicitation purposes.

14.    Specifically, Defendant was attempting to sell Plaintiff an automobile warranty.

15.    Upon information and belief Defendant is not a registered solicitor with the Texas Secretary of State.

16.    Defendant placed calls to Plaintiff on dates including but not limited to: 01-09-2020; 01-10-2020 (two calls on that day); 02-17-2020; 02-19-2020; 02-20-2020; and 03-06-2020.

17.     Plaintiff did not consent to these calls and did not request information from Defendant.

18.     Defendant placed these calls using an automatic telephone dialing system.

19.     While Plaintiff has not yet had the benefit of discovery, he reasonably infers that the subject calls were made with an automatic telephone dialing system as there was a noticeable pause or delay before a live representative came on the line.

20.     Defendant's calls were not made for "emergency purposes."

21.     Defendant knew its calls were unwanted, therefore, all calls could have only been made for purposes of harassment.

22.     Defendant's automated solicitation calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

23.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23.     Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24.     The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers from a stored list in a random and/or sequential fashion.

25.     The dialing system used by Defendant has the capacity to dial and/or store numbers using a random or sequential number generator.

26.     Defendant's calls were not made for "emergency purposes."

27.     Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

28.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry.

29.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

32.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry.

35.     Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT III**
**DEFENDANT VIOLATED § 302.101 OF**
**THE TEXAS BUSINESS & COMMERICAL CODE**

39.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

40.     §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

41.     Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

42.     §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **David Cathey,** respectfully prays for judgment as follows:

a.     All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

b.     Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c.     Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d.     Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e.     Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f.     Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)

g.     Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code);

     h.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code;

     i.      Any other relief this Honorable Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

**Please take notice** that Plaintiff, **David Cathey,** demands a jury trial in this case.

Respectfully submitted,

Dated: 03/31/2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com