UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **David Cathey,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | Case No.  4:21-cv-264 |
| ) | |
| **VSC Operations, LLC,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT VSC OPERATIONS, LLC'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S
AMENDED COMPLAINT**

Defendant VSC Operations, LLC ("VSC"), by and through its attorneys, submits this Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and asserts Counterclaims against Plaintiff. VSC denies the allegations and characterizations in the Amended Complaint unless expressly admitted in the following paragraphs.

### INTRODUCTION

1. VSC admits that the Complaint alleges claims based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and § 302.101 of the Texas Business & Commercial Code, but denies that the alleged claims have any merit.

### JURISDICTION AND VENUE

2. VSC admits this Court has subject matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331 based upon the federal question presented, but denies that the alleged claims have any merit.

3. VSC admits that it is subject to the personal jurisdiction of this Court, but denies that it has committed any wrongful acts or omissions within the United States or within the State of Texas.

4. VSC denies that venue is proper in this District under 28 U.S.C. § 1391(b)(1) and 1391(b)(2), and denies that the alleged claims have any merit.

## PARTIES

5. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 5 and therefore denies the same.

6. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 6 and therefore denies the same.

7. The allegations of Paragraph 7 are denied inasmuch as Defendant is a limited liability company, and the suite address is Suite 250. The remainder of the allegations of Paragraph 7 are admitted.

8. The allegations of Paragraph 8 are admitted.

9. The allegations of Paragraph 9 are denied.

## FACTUAL ALLEGATIONS

10. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 10 and therefore denies the same.

11. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 11 and therefore denies the same.

12. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 12 and therefore denies the same.

13. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 13 and therefore denies the same.

14. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 14 and therefore denies the same.

15. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 15 and therefore denies the same.

16. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 16 and therefore denies the same.

17. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 17 and therefore denies the same.

18. The allegations of Paragraph 18 are denied.

19. The allegations of Paragraph 19 are denied.

20. The allegations of Paragraph 20 are admitted.

21. The allegations of Paragraph 21 are denied.

22. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 22 and therefore denies the same.

**RESPONSE TO COUNT I**
**DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)**

23. Paragraph 23 does not require a response. To the extent this paragraph may be deemed to allege any facts or any factual or legal entitlements to the relief requested, VSC denies such allegations. VSC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-22 above.

24. The allegations of Paragraph 24 are admitted.

23. [noted as the second instance of 23. in Plaintiff's Amended Complaint] The allegations of Paragraph 23 are denied.

24. [noted as the second instance of 24. in Plaintiff's Amended Complaint] The allegations of Paragraph 24 are denied.

25. The allegations of Paragraph 25 are denied.

26. The allegations of Paragraph 26 are admitted.

27. The allegations of Paragraph 27 are denied.

28. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 28 and therefore denies the same.

29. The allegations of Paragraph 29 are denied.

30. The allegations of Paragraph 30 are denied.

31. The allegations of Paragraph 31 are denied.

## RESPONSE TO COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

32. Paragraph 32 does not require a response. To the extent this paragraph may be deemed to allege any facts or any factual or legal entitlements to the relief requested, VSC denies such allegations. VSC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-31 above.

33. The allegations of Paragraph 33 are admitted.

34. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 34 and therefore denies the same.

35. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 35 and therefore denies the same.

36. The allegations of Paragraph 36 are denied.

37. The allegations of Paragraph 37 are denied.

38. The allegations of Paragraph 38 are denied.

### RESPONSE TO COUNT III
### DEFENDANT VIOLATED § 302.101 OF
### THE TEXAS BUSINESS & COMMERCIAL CODE

39. Paragraph 39 does not require a response. To the extent this paragraph may be deemed to allege any facts or any factual or legal entitlements to the relief requested, VSC denies such allegations. VSC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-38 above.

40. The allegations of Paragraph 40 are admitted.

41. The allegations of Paragraph 41 are denied.

42. The allegations of Paragraph 42 are admitted.

### RESPONSE TO PRAYER

The prayer for relief section contained in Plaintiff's Amended Complaint does not require a response. To the extent this section may be deemed to allege any facts or any factual or legal entitlements to the relief requested, VSC denies such allegations. VSC specifically denies that Plaintiff is entitled to any of the relief requested, and requests that the Court deny all relief to Plaintiff, including that requested by Plaintiff.

### RESPONSE TO DEMAND FOR JURY TRIAL

VSC joins Plaintiff's request for a jury trial on all issues triable by jury.

### VSC'S AFFIRMATIVE DEFENSES

VSC asserts the following defenses and affirmative defenses, without admitting any allegation of the Amended Complaint not otherwise admitted and without assuming the burden of proof when such burden would otherwise be on Plaintiff. VSC reserves the right to amend its

Answer with additional defenses and affirmative defenses as discovery commences and progresses in this lawsuit. VSC reserves all defenses and affirmative defenses permitted under the Federal Rules of Civil Procedure, the laws of the United States, and/or at law or in equity, that may now exist, that may exist in the future, or that are presently known or later discovered through further investigation in this lawsuit.

### First Affirmative Defense
### (Failure to State a Claim Upon Which Relief Can be Granted)

43. Plaintiff's Amended Complaint fails to state a plausible claim upon which relief can be granted under any theory of action.

### Second Affirmative Defense
### (Plaintiff Provided His Prior Express Written Consent)

44. On information and belief, Plaintiff's TCPA claims are barred because VSC obtained the Plaintiff's prior express written consent for VSC to contact him.

45. On information and belief, on October 15, 2019, Plaintiff visited the statesideautowarranty.com website (the "Website"), filling out the web form using the name "Russ Bixby", and provided his prior express written consent to receive telephone calls from VSC.

### Third Affirmative Defense
### (No use of an Automatic Telephone Dialing System)

46. Plaintiff's TCPA claims are barred because none of the alleged calls were made by VSC through the use of an automatic telephone dialing system.

**Fourth Affirmative Defense**
**(Reasonable Practices and Procedures in Place)**

47. Plaintiff's TCPA claims are barred because VSC has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA.

**Fifth**
**(Plaintiff's Claims are Time Barred)**

48. Plaintiff's claims are barred based on the Website's terms and conditions, requiring that any claim or cause of action arising out of or related to use of the website, and any products or services offered though the Website, be brought within one (1) year after such claim or cause of action arose or be forever barred.

49. Plaintiff's Amended Complaint complains of alleged calls received between January 9, 2020 to March 6, 2020. Plaintiff's claims are time barred, as he alleges that all such calls arose more than one year prior to the filing of the Complaint on March 30, 2021.

**Sixth Affirmative Defense**
**(Monetary Damages in Excess of $300 Are Barred by Agreed Upon Terms)**

50. Plaintiff's claims for monetary damages in excess of $300 are barred by the Website's terms and conditions, which include a limitation of liability disclaiming any liability for any direct, indirect, incidental, special, consequential and/or exemplary damages. Furthermore, such Website terms and conditions specify a maximum liability of $300.

**Seventh Affirmative Defense**
**(Failure to Mitigate)**

51. Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate his claims through good faith and fair dealing and honesty.

### Eighth Affirmative Defense
### (Laches)

52. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### Ninth Affirmative Defense
### (Estoppel)

53. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### Tenth Affirmative Defense
### (No Harm)

54. Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury.

### Eleventh Affirmative Defense
### (Unclean Hands)

55. Plaintiff's claims are barred by the doctrine of unclean hands.

## VSC'S COUNTERCLAIMS

Defendant VSC Operations, LLC ("VSC") asserts the following counterclaims against Plaintiff David Cathey ("Cathey" or "Counter-Defendant"):

1. VSC repeats and incorporates by reference all allegations in its Answer and in its Affirmative Defenses in Paragraphs 1 through 55 above as if fully set forth here.

### PARTIES

2. VSC is a limited liability company with a principal place of business at 5900 South Lake Forest, Suite 250, McKinney, TX 75070.

3. David Cathey, according to his Complaint, is a natural person residing in McKinney, Texas 75072.

## JURISDICTION AND VENUE

4. These counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331, 1367(a), 2201, and 2202.

6. Venue may be made in this District pursuant to 28 U.S.C. § 1391.

7. This Court has personal jurisdiction over Cathey, who has requested relief from this Court.

8. As evidenced by Counter-Defendant's Amended Complaint and this Answer, Affirmative Defenses, and Counterclaims, there exists a real and actual controversy between Cathey and VSC concerning whether any violation of the TCPA has occurred.

## FACTS

9. On information and belief, on October 15, 2019, Counter-Defendant visited the Website and filled out its web form using the name "Russ Bixby".

10. On information and belief, on October 15, 2019, Counter-Defendant visited the Website and filled out its web form using the name "Russ Bixby", the phone number "214-577-6846", the zip code "75240", and vehicle information "2018 Chevy Silverado".

11. On information and belief, "Russ Bixby" is an alias for Counter-Defendant.

12. On information and belief, Counter-Defendant has used the name "Russ Bixby".

13. On information and belief, "Russ Bixby" and "Russell Bixby" are not Counter-Defendant's real names.

14. On information and belief, the phone number 214-577-6846 is not Russ Bixby's.

15. Counter-Defendant provided the phone number 214-577-6846 to the Website to induce VSC to contact him at that phone number.

16. On information and belief, on October 15, 2019, Counter-Defendant visited the Website from IP Address 173.172.168.86.

17. On information and belief, on October 15, 2019, Counter-Defendant visited the Website from a Chrome web browser.

18. On information and belief, on October 15, 2019, Counter-Defendant visited the Website from a device utilizing a Windows operating system.

19. On information and belief, Counter-Defendant has accessed the internet using the IP Address 173.172.168.86.

20. On information and belief, Counter-Defendant has used a Chrome web browser.

21. On information and belief, Counter-Defendant has used a device utilizing a Windows operating system.

22. On information and belief, on October 15, 2019, Counter-Defendant visited the Website and provided his valid, electronic signature to the following agreement "By clicking the "Get Free Quote Now!" button, you agree to our Privacy Policy and authorize State Side Auto Warranty and its partners to contact you at the phone number you provided, using automated technology including auto-dialers, pre-recorded messages and text messages, even if your phone is a mobile number or is listed on any state, federal or corporate Do Not Call lists, and you are not required to give your consent as a condition of service."

23. On information and belief, on October 15, 2019, Counter-Defendant visited the Website and provided his valid, electronic signature to the Website Terms and Conditions and agreed ""Regardless of any statute or law to the contrary, any claim or cause of action arising out of or related to your use of the Site, the Services, any products or services

offered through the Site, and/or this Agreement must be brought within one (1) year after such claim or cause of action arose or be forever barred."

24. On information and belief, on October 15, 2019, Counter-Defendant further agreed "that Company shall not be liable to you or any third party for any direct, indirect, incidental, special, consequential and/or exemplary damages including, but not limited to, damages for loss of profits, goodwill, use, data or other intangible losses….If applicable law does not permit such limitations, the maximum liability of Company to you under any and all circumstances will be three hundred dollars ($300.00)."

25. By letter dated April 13, 2020, Counter-Defendant admitted that he had previously provided a telemarketer with the information "Russell Bixby, 2018 Chevy Silverado".

26. By email dated April 21, 2020, Counter-Defendant admitted "I used the name "Russell Bixby" only once on a call from a telemarketing organization that solicited car warranties".

27. On information and belief, on February 20, 2020, Counter-Defendant provided the name "Russell Bixby" and a credit card that did not belong to a "Russell Bixby" in order to purchase an extended warranty.

**COUNT I – Declaratory Judgment of No Violation of the TCPA**

28. VSC repeats and incorporates by reference all allegations set forth above as if fully set forth herein.

29. On information and belief, on October 15, 2019, Counter-Defendant visited the Website, filling out the web form using the name "Russ Bixby", and provided his prior express written consent to receive telephone calls from VSC.

30. On information and belief, through the completion and submission of such web form, Counter-Defendant authorized VSC to deliver or cause to be delivered telephone calls to the number provided.

31. Accordingly, VSC seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that VSC did not violate the TCPA in view of Counter-Defendant's provision of prior express written consent to receive telephone calls from VSC.

## COUNT II – Common Law Fraud and Fraud in the Inducement

32. VSC repeats and incorporates by reference all allegations set forth above as if fully set forth herein.

33. On information and belief, on October 15, 2019, Counter-Defendant provided a fake name ("Russ Bixby") to sign up on the statesideautowarranty.com website, thereby materially misrepresenting his identity.

34. On information and belief, later on February 20, 2020, Counter-Defendant further misrepresented his identity by using the moniker "Russell Bixby" during a telephone call with a third-party representative of VSC.

35. On information and belief, later on February 20, 2020, Counter-Defendant further misrepresented his identity by using the moniker "Russell Bixby" as the name of the card holder of the credit card he utilized during his fraudulent attempt to purchase an extended warranty.

36. On information and belief, the address provided by Counter-Defendant in conjunction with Counter-Defendant's credit card information on February 20, 2020 corresponds with the address for Montagar Software, Inc.

37. On information and belief, Counter-Defendant is the President of Montagar Software, Inc.

38. Further, Counter-Defendant has stated in writing that he has previously used the name "Russell Bixby" with a telemarketing organization that solicited car warranties, thereby admitting his use of the "Russell Bixby" name.

39. On information and belief, Counter-Defendant fraudulently misrepresented his interest in Plaintiff/Counter-Defendant's services under the false name "Russ Bixby" to invite telephone calls from VSC, with the purpose of bringing this lawsuit.

40. On information and belief, Counter-Defendant fraudulently misrepresented his name as "Russell Bixby" and that "Russell Bixby" was the holder of a credit card when he knew that to be false, for the purpose of committing fraud.

41. Under Texas law, on information and belief, Counter-Defendant has committed common-law fraudulent inducement against VSC because he made a material misrepresentation regarding his name that he knew was false as well as his purported interest in auto warranties.

42. On information and belief, Counter-Defendant misrepresented his name as "Russell Bixby" and misrepresented his interest in auto warranties, intending those misrepresentations to be relied upon for the sole purpose of receiving telephone calls from VSC.

43. On information and belief, Counter-Defendant did so with the intent to use his receipt of the consented-to telephone calls as a basis for a TCPA lawsuit.

44. VSC relied on Counter-Defendant's consent misrepresentation to its detriment, by having calls placed to "Russ Bixby", who VSC believes is actually the Counter-Defendant, at the phone number which he provided during his sign up on the Website.

45. VSC has been reputationally damaged by the filing of this lawsuit, as well as monetarily in light of the cost of defending this lawsuit.

46. VSC has suffered monetary losses due to Counter-Defendant's fraudulent attempt to purchase an extended warranty using a fake name "Russell Bixby".

47. Moreover, Counter-Defendant continues his misrepresentations by falsely alleging in his Amended Complaint that he did not consent to the calls; did not request information from VSC; that VSC knew the calls were unwanted; that the calls were made for purposes of harassment; the calls were "bothersome, disruptive and frustrating for Plaintiff to endure"; that the calls were made without prior express consent; and that the calls were made with "malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's right" and for harassment purposes.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Local Rules of this Court, Counter-Plaintiff, VSC, demands a trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, VSC respectfully requests a judgment against Plaintiff as follows:

1. Dismissal of Plaintiff's Amended Complaint, and all of Plaintiff's claims, with prejudice;

2. A declaration that no violation of the TCPA has been made by VSC;

3. A finding that Plaintiff is liable for common-law fraud and fraudulent inducement; and

4. An award to VSC of such other and further relief as this Court deems just and proper.

Respectfully submitted,

DE DIEGO LAW LLC

*/s/ Sarah de Diego*
Sarah de Diego
(Admitted *Pro Hac Vice*)
Lead Attorney
Cobian Plaza
1607 Ave Ponce de Leon, GM06
San Juan, PR 00909
Telephone: (310) 980-8116
E-Mail: Sarah@dediego.law

Sarah R. Frankfort
Texas State Bar No. 24052877
1940 Fountain View Dr., #227
Houston, TX 77057
Telephone: (713) 256-0845
E-Mail: SarahF@dediego.law

*Attorneys for Defendant, VSC Operations, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on June 28, 2021, in compliance with Local Rule CV-5(a). As such, this document was served on all counsel of record who have consented to electronic service, pursuant to Local Rule CV-5(a)(3)(A).

*/s/ Sarah R. Frankfort*