**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **David Cathey,** | |
| Plaintiff, | Case No. 4:21-cv-264 |
| v. | |
| **VSC Operations, LLC,** | ANSWER TO COUNTERCLAIM |
| Defendant. | |

## ANSWER TO COUNTERCLAIM

**David Cathey** ("Plaintiff" or "Mr. Cathey"), by and through his attorneys, **Kimmel & Silverman, P.C.**, answers the counterclaim asserted by Defendant **VSC Operations, LLC** ("Defendant" or "VSC"):

1. No response is required for this paragraph.

2. Admitted.

3. Admitted.

4. Denied as a conclusion of law to which no response is required.

5. Denied as a conclusion of law to which no response is required. Responding further, Cathey denies this Court has supplemental jurisdiction over VSC's counterclaims.

6. Denied as a conclusion of law to which no response is required.

7. Admitted there is personal jurisdiction. Responding further, it is denied there is subject matter jurisdiction or supplemental jurisdiction.

8. Denied as a conclusion of law to which no response is required.

1

9. Denied. Cathey denies the allegations in this paragraph and leaves VSC to its proofs.

10. Denied. Cathey denies the allegations in this paragraph and leaves VSC to its proofs.

11. Denied as stated. Plaintiff admits he used that name on one occasion for the purpose of learning the identity of another robo-caller selling an extended warranty. Cathey denies he ever used that name in connection with VSC or that he ever consented for VSC to call him.

12. Admitted in part and denied in part. Cathey admits he used that name in order to ascertain the identity of another warranty company but denies he consented to using that name on VSC's website or on any other occasion with VSC. Cathey denies he filled out any form on VSC's website on October 15, 2019, denies ever using the email address identified by VSC and avers that the IP address identified by VSC associated with the "consent" form has a geo-location over 40 miles from Cathey's home and place of work. Cathey believes that either VSC, another warranty company or another associated company that transmits data learned of the name Cathey provided when attempting to ascertain the identity of another warranty company and entered/transmitted that data to provide VSC with a "lead."

13. Admitted.

14. Admitted.

15. Denied. Cathey denies the allegations in this paragraph and leaves VSC to its proofs.

16. Denied. Responding further, that IP address is over 40 miles from where Cathey lives and works.

17. Denied. Cathey denies the allegations in this paragraph and leaves VSC to its proofs.

18. Denied. Cathey denies the allegations in this paragraph and leaves VSC to its proofs.

19. Denied. Cathey denies the allegations in this paragraph and leaves VSC to its proofs.

20. Denied as stated.

21. Denied as stated.

22. Denied. Cathey denies the allegations in this paragraph and leaves VSC to its proofs.

23. Denied. Cathey denies the allegations in this paragraph and leaves VSC to its proofs.

24. Denied. Cathey denies the allegations in this paragraph and leaves VSC to its proofs.

25. Denied as stated. The purported letter is a writing which states what it states. Any attempt to characterize same is denied.

26. Denied as stated. The purported email is a writing which states what it states. Any attempt to characterize same is denied.

27. Denied.

## ANSWER TO COUNT I

28. No response is necessary to this paragraph.

29. Denied. Cathey denies the allegations in this paragraph and leaves VSC to its proofs.

30. Denied as a conclusion of law to which no response is required. Responding further, Cathey denies visiting the website or completing the form at issue.

31. Denied as a conclusion of law to which no response is required.

## ANSWER TO COUNT II

32. No response is required for this paragraph.

33. Denied.

34. Denied as stated.

35. Denied as stated. Cathey leaves VSC to its proofs for this assertion.

36. Denied as stated. Cathey leaves VSC to its proofs for this assertion.

37. Admitted.

38. Denied as stated. Any written document to which VSC refers is a writing which states what it states. Any attempt to characterize said writing is denied.

39. Denied.

40. Denied.

41. Denied as a conclusion of law to which no response is required. Responding further, Cathey denies any fraudulent or deceptive conduct.

42. Denied as stated. Cathey used the name "Russel Bixby" to another warranty company for the purpose of ascertaining the identity of a company placing harassing robo-calls yet refusing to disclose its identity. Subsequently, Cathey received calls from VSC. The remaining allegations are denied.

43. Denied.

44. Denied

45. Denied as a conclusion of law to which no response is required.

46. Denied as stated.

47. Denied as a conclusion of law to which no response is required.

WHEREFORE, Plaintiff David Cathey respectfully requests this Honorable Court dismiss Defendant VSC's counterclaim with prejudice.

## AFFIRMATIVE DEFENSES

1. This court lacks supplemental jurisdiction over VSC's counterclaim.
2. VSC's counterclaim fails to state a claim for which relief could be granted.
3. The counterclaim has been asserted for retaliatory purposes.
4. VSC lacks standing to assert a counterclaim against Cathey.
5. VSC suffered no damages.
6. VSC lacks clean hands to recover for its counterclaims.
7. VSC's claims are barred by estoppel.
8. VSC's claims are barred by the doctrine of laches.
9. VSC's damages are *de minimis*.

Respectfully submitted,

Dated: July 12, 2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com

## CERTIFICATE OF SERVICE

I, Amy L.B. Ginsburg hereby certify that a true and correct copy of the foregoing has been served on all parties of record via ECF.

*/s/ Amy L.B. Ginsburg*